# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RANDY SIMMONS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV423-207 |
| JOAQUIN CORTEZ, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Randy Simmons filed this 42 U.S.C. § 1983 case, alleging procedural defects in a 2003 state prosecution. *See* doc. 1 at 5. The Georgia Supreme Court described the crimes underlying Simmons' conviction when it affirmed it.[1] *See Simmons v. State*, 646 S.E. 2d 55,

---

[1] "[O]n November 21, 2002, Simmons, Marcus Gary, Keenan Stokes, and Samantha Faulk planned to rob Michael Norby as he was making a night deposit at a local bank. After being dropped off by Faulk in woods near the bank, Simmons handed an AK-47 rifle to Stokes, and Simmons and Gary carried guns as well. After Norby pulled into the bank to make his deposit, the assailants surrounded Norby's truck, and Stokes opened fire, killing Norby. Simmons and Stokes then dragged Norby's body into the woods and took Norby's checkbook and wallet from his truck. Simmons returned to the scene later that evening to remove shell casings from around the truck; however, one AK-47 shell casing was left behind. Both Simmons and Gary confessed to this crime and fully described its circumstances. These confessions were almost identical, and they were corroborated by videotape from a bank surveillance camera which captured footage of the murder in progress." 646 S.E.2d at 57. This Court denied Simmons' petition for habeas corpus relief in 2015. *See Simmons v. McLaughlin*, 2015 WL 2341677 (S.D. Ga. May 14, 2015), *adopted* 2015 WL 3766799 (S.D. Ga. June 12, 2015).

57 (Ga. 2007). He has moved to proceed *in forma pauperis*. Doc. 6. Although he appears to lack sufficient funds to pay the Court's filing fee, he is precluded from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g)'s "three-strikes" bar. Accordingly, his Motion should be **DENIED**, doc. 6, and his case **DISMISSED**.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions. 28 U.S.C. § 1915(g). The relevant provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* The Court has identified at least three of Simmons' prior cases that count as "strikes" under the PLRA. *See Simmons v. Brown*, 1:10-cv-2974-RWS, doc. 10 at 6 (N.D. Ga. Mar. 31, 2011) (dismissing action "pursuant to 28 U.S.C. §1915A, for failure to state a claim upon which relief can be granted."); *Simmons v. Cortez*, 4:18-cv-145-RSB-CLR, doc. 19 at 3 (S.D. Ga. Dec. 27, 2018) (recommending dismissal of claims as

57 (Ga. 2007). He has moved to proceed *in forma pauperis*. Doc. 6. Although he appears to lack sufficient funds to pay the Court's filing fee, he is precluded from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g)'s "three-strikes" bar. Accordingly, his Motion should be **DENIED**, doc. 6, and his case **DISMISSED**.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions. 28 U.S.C. § 1915(g). The relevant provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* The Court has identified at least three of Simmons' prior cases that count as "strikes" under the PLRA. *See Simmons v. Brown*, 1:10-cv-2974-RWS, doc. 10 at 6 (N.D. Ga. Mar. 31, 2011) (dismissing action "pursuant to 28 U.S.C. §1915A, for failure to state a claim upon which relief can be granted."); *Simmons v. Cortez*, 4:18-cv-145-RSB-CLR, doc. 19 at 3 (S.D. Ga. Dec. 27, 2018) (recommending dismissal of claims as

time barred), *adopted* doc. 20 (S.D. Ga. Jan. 15, 2019); *Simmons v. Cortez*, 19-10444-E, doc. 7-1 at 2 (11th Cir. May 29, 2019) ("This Court now finds that the appeal is frivolous . . . and DISMISSES the appeal.").

The Eleventh Circuit has recently explained that when evaluating whether prior dismissals resulted in a strike, courts "look to the prior order that dismissed the action . . . and the reasons the court gave for dismissing it." *Wells v. Brown*, 58 F.4th 1347, 1358 (11th Cir. 2023). That order must indicate that the action was dismissed on one of the "[t]hree specific grounds [that] render a dismissal a strike: 'frivolous,' 'malicious,' and 'fails to state a claim upon which relief may be granted.'" *Daker v. Comm'r, Ga. Dept. of Corrs.*, 820 F.3d 1278, 1283 (11th Cir. 2016). The Northern District's dismissal of *Simmons v. Brown* for failure to state a claim and the Eleventh Circuit's dismissal of his appeal in *Simmons v. Cortez* as frivolous, therefore, clearly count as strikes. Finally, "[i]f a prisoner's allegations in his complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a viable claim." *Covington v. Smith*, 2022 WL 4363310, at *3 (11th Cir. Sept. 21, 2022) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Thus, this Court's dismissal of *Simmons v. Cortez*

as barred by the statute of limitations also counts as a strike. Simmons, therefore, had accrued at least three § 1915(g) strikes before he filed this action.

PLRA does provide an exception to the "three strikes" provision if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Simmons' allegations of twenty-year-old procedural issues do not

suggest, much less establish, that he is in imminent danger of serious physical harm.[2]

Accordingly, Simmons' request to proceed *in forma pauperis*, doc. 6, should be **DENIED**, and this case **DISMISSED**, pursuant to 28 U.S.C. § 1915(g). *See, e.g., Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).") This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

---

[2] Simmons' alleged injury only strengthens that conclusion. His allegation of injury states, in unedited form: "As result, of misconduct I've been subjected to complication of (sleeping) and (duress of my person) where I have been experiencing anxiety attack which [illegible] tremedous amount of stress (result from severity level of state seeking death penalty." Doc. 1 at 5. While the Court does not dismiss the stress that likely results from facing a capital charge, it does not amount to "imminent danger of serious physical injury," sufficient to avoid the three-strikes bar.

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 11th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA