IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RANDY SIMMONS,

    Plaintiff,

v.

JOAQUIN CORTEZ, et al.,

    Defendants.

CIVIL ACTION NO.: 4:23-cv-207

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's August 11, 2023, Report and Recommendation, (doc. 7), to which plaintiff has filed an objection, (doc. 8). While Simmons' Objection laments the consequences of the application of the Prison Litigation Reform Act's three-strikes provision, 28 U.S.C. § 1915(g), to his case, it does not cite to any authority that this Court may ignore the statute, (see doc. 8, pp. 1-2).[1] To the extent that Simmons disputes the determination that the dismissal of his prior suit against Cortez counts as a § 1915(g) strike, (see id., pp. 3-4), his contention that the disposition of that case was erroneous is irrelevant to whether it counts as a strike. As the Eleventh Circuit has explained, strikes are determined by the prior court's reasons for the dismissal. See Wells v. Brown, 58 F.4th 1347, 1358 (11th Cir. 2023). In considering whether a case is a strike, this Court is not empowered to

---

[1] The authority Simmons cites in support of his attempt to avoid the application of the three-strikes bar is irrelevant. First, he cites to 42 U.S.C. § 1997, apparently § 1997e(d). (Doc. 8, p. 2.) That section concerns awards of attorney's fees to prevailing prisoners. See 42 U.S.C. § 1997e(d). His second citation, to Perez v. Westchester County Department of Corrections, also concerns that inapplicable statute. See 587 F.3d 143, 153-56 (2d Cir. 2009). Despite the clarity of the citations, the Objection's contention concerning their application to the Report and Recommendation's analysis is inscrutable.

review the accuracy of those reasons.[2]  See, e.g. Campbell v. Bennett, 2021 WL 4130521, at *2 (S.D. Ga. Sept. 10, 2021) ("[T]his Court cannot sit in review of another district court's prior ruling.").  The Magistrate Judge considered this Court's dismissal of Simmons v. Cortez, 4:18-cv-145, doc. 19 (S.D. Ga. Dec. 27, 2018), adopted doc. 20 (S.D. Ga. Jan. 15, 2019), as untimely and concluded it was a strike.  (Doc. 7, pp. 3-4 (citing Covington v. Smith, 2022 WL 4363310, at *3 (11th Cir. Sept. 21, 2022).)  Moreover, to the extent that the Court can discern Simmons' argument that his prior case was erroneously dismissed, it has already rejected them.  Compare Simmons, 4:18-cv-145, doc. 32 (S.D. Ga. Sept. 27, 2019) (rejecting Simmons' argument that he was denied an adequate opportunity to object to the Report and Recommendation), with (doc. 8, p. 3 (asserting Magistrate Judge erred in finding a strike because "[e]rror at state level which reference of denial for failure to timely contest defendant 'report or recommendation'")).  Regardless, then, of Simmons' continued disagreement with the resolution of his prior case, the Magistrate Judge properly concluded that it counts as a strike for purposes of § 1915(g).  (See doc. 7, p. 3-4.)

---

[2] Simmons' citation to Miller v. Donald is mistaken.  (See doc. 8, p. 3.)  That case considered the propriety of an injunction against a prisoner filing cases in forma pauperis.  Miller v. Donald, 541 F.3d 1091, 1095-1098 (11th Cir. 2008) (concluding injunction against filing was overbroad).  There is nothing in Miller that suggests that in evaluating whether a prior dismissal counts as a § 1915(g) strike, district courts must determine whether the prior dismissal was correct.

Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 7.)   Plaintiff's Motion to Proceed *in Forma Pauperis* is **DENIED**, (doc. 6), and his Complaint is **DISMISSED**.   The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 19th day of September, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA