**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| RANDY SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>JOAQUIN CORTEZ, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 4:23-cv-207 |

**O R D E R**

Plaintiff initiated this lawsuit by filing a Complaint against various state employees and officials. (Doc. 1.) In a well-reasoned Report and Recommendation, the Magistrate Judge found that, "[a]lthough he appears to lack sufficient funds to pay the Court's filing fee, [Plaintiff] is precluded from proceeding in forma pauperis by 28 U.S.C. § 1915(g)'s 'three-strikes' bar." (Doc. 7, p. 2.) Accordingly, the Magistrate Judge recommended that Plaintiff's motion for leave to proceed in forma pauperis be denied and that his case be dismissed. (Id.) Plaintiff filed an objection to the Report and Recommendation. (Doc. 8.) On September 19, 2023, the Court rejected Plaintiff's grounds for objecting and adopted the Report and Recommendation and dismissed the case without prejudice. (Doc. 9.) Judgment was entered on September 27, 2023, and the case was closed. (Doc. 10.) Plaintiff did not file a notice of appeal.

On August 25, 2026, almost three years since the case was dismissed, Plaintiff filed a "Motion to Correct the Record." (Doc. 11.) The Court has reviewed the filing and it appears Plaintiff seeks to rehash—as he did in his objection to the Report and Recommendation—the propriety of the disposition of one of the cases that the Magistrate Judge counted as a "strike"

against him. (See id. at p. 4 ("Therefore, confirming evidence of erroneous order imposed at both state level of (report and recomme[n]dation) supposedly order was forwarded on Dec[.] 27[,] 2018 to plaintiff at Macon State Prison. As well, utilized as third strike imposed for erroneous deadline on federal aspect.").) The Court already rejected this claim in its Order adopting the Report and Recommendation. (See doc. 9, pp. 1–2 ("As the Eleventh Circuit has explained, strikes are determined by the prior court's reasons for the dismissal. See Wells v. Brown, 58 F.4th 1347, 1358 (11th Cir. 2023). In considering whether a case is a strike, this Court is not empowered to review the accuracy of those reasons.").)

Even putting aside the fact that the Court has previously considered and rejected the argument presented in the pending motion, because Plaintiff filed the motion after the Court dismissed the case and judgment was entered (and, for what it's worth, after the time to file a notice of appeal had expired), the Court **DENIES** any relief that may be requested in the Motion. (Doc. 11.)

**SO ORDERED**, this 28th day of August, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA